# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY EMANUEL POLLARD, | CASE No.    1:11-cv-01059-MJS (PC) |
| Plaintiff, | ORDER DISMISSING PLAINTIFF'S COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM |
| v. | |
| S.D. HASS, et al. | (ECF No. 1) |
| | AMENDED COMPLAINT DUE WITHIN THIRTY DAYS |
| Defendants. | |

_____/

Plaintiff Jerry Emanuel Pollard ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff has consented to Magistrate Judge jurisdiction.  (ECF No. 4.)

Plaintiff initiated this action on June 27, 2011.  (Compl., ECF No. 1.)  No other parties have appeared in the action.  Plaintiff's Complaint is now before the Court for screening

## I.     SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has

-1-

1   raised claims that are legally "frivolous or malicious," that fail to state a claim upon which

2   relief may be granted, or that seek monetary relief from a defendant who is immune from

3   such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion

4   thereof, that may have been paid, the court shall dismiss the case at any time if the court

5   determines that . . . the action or appeal . . . fails to state a claim upon which relief may be

6   granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

7        A complaint must contain "a short and plain statement of the claim showing that the

8   pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are

9   not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by

10   mere conclusory statements, do not suffice." Ashcroft v. Iqbal, ___ U.S. ___, ___, 129 S.

11   Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

12   Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is

13   plausible on its face.'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 555).

14   Facial plausibility demands more than the mere possibility that a defendant committed

15   misconduct and, while factual allegations are accepted as true, legal conclusions are not.

16   Id. at 1949-50.

17   **II.**     **SUMMARY OF PLAINTIFF'S COMPLAINT**

18        Plaintiff is currently housed at Salinas Valley State Prison.  The events at issue in

19   Plaintiff's Complaint occurred at Kern Valley State Prison ("KVSP").  Plaintiff alleges claims

20   under the First, Fourth, Fifth and Fourteenth Amendments against the following individuals:

21   1) S. D. Hass, Facility 3rd Watch Lieutenant at KVSP; 2) K. Harrington, Warden at KVSP;

22   3) R. Grissom, Supervisor Associate Warden at KVSP; 4) L.L. Wood, Captain Supervisor

23   at KVSP; 5) J. Orozco, Facility D 3rd Watch Floor Officer- Correctional Officer at KVSP;

24   6) E. Oseguera, Facility D 3rd Watch Floater Officer, Correctional Officer at KVSP; 7) J.

25   Garcia, Facility D, 3rd Watch Floater Officer, Correctional Officer at KVSP; 8) M.D. Biter;

26   and 9) S. Henderson.

27        Plaintiff alleges as follows:

28

1    Plaintiff was supposed to file an amended complaint in another action in April 2010.

2  (Compl. at 4.)  Even with an extension, Plaintiff was unable to file an amended complaint

3  because his personal property was taken away February 19, 2010 for not consenting to a

4  cell-mate. (Id. at 4, 10.)  Plaintiff's legal materials were returned to him on March 18, 2010.

5  (Id. at 5.)  Later, Defendant Orozco threatened to take them away again. (Id.)

6    On March 27, 2010, after Defendant Henderson discovered Plaintiff had refused to

7  agree to a cell-mate, he ordered Plaintiff's property to be taken away from April 27, 2010

8  to October 27, 2010.   (Compl. at 5.)   On June 5, 2010, Defendant Hass ordered

9  Defendants Oseguera and Garcia to search Plaintiff's cell. (Id. at 5.)  During the search

10  Defendant Hass told Defendant Garcia to remove Plaintiff's legal materials, books, and

11  course-work. (Id. at 5-6.)  Defendant Hass came to Plaintiff's cell and told Plaintiff that he

12  had Plaintiff's property and would not return it. (Id. at 6.)  Defendant Haas told Plaintiff he

13  could take Plaintiff's property whenever he wanted.  (Id.)  Plaintiff filed a grievance, but

14  Defendants Henderson and Wood said the decision could not be changed. (Id. at 7.)

15  Plaintiff spoke with Defendants Biter and Grissom but they also refused to return Plaintiff's

16  property. (Id.)  Plaintiff filed an appeal, but it was denied. (Id.)  Even though Plaintiff's

17  request to file a second amended complaint in his action was granted, he was unable to

18  do so without his legal materials and instead had to proceed on his First Amended

19  Complaint. (Id. at 9.)[1]  Plaintiff's property was never returned to him. (Id. at 10.)

20    Plaintiff asks for injunctive relief. (Compl. at 9.)  He specifically asks the Court to

21  order Defendants to stop retaliating against him. (Id. at 13.)

22  **III.**  **ANALYSIS**

23    **A.**   **42 U.S.C. § 1983 Analysis**

24    42 U.S.C. § 1983 "provides a cause of action for the 'deprivation of any rights,

25  privileges, or immunities secured by the Constitution and laws' of the United States."

26

27    [1] Plaintiff is referring to another action he has pending in this court, Pollard v. Harrington, 1:09-cv-
01232-LJO-MJS.  The Court recently dismissed Plaintiff's First Amended Complaint with leave to amend
28  for failure to state a claim. The action is still open and Plaintiff may file an amended pleading in it.

1  Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). §
2  1983 is not itself a source of substantive rights, but merely provides a method for
3  vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94,
4  109 S. Ct. 1865 (1989).

5       To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that
6  a right secured by the Constitution or laws of the United States was violated, and (2) that
7  the alleged violation was committed by a person acting under the color of state law. See
8  West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245
9  (9th Cir. 1987).

10       **B.    §1983 Linkage Requirement**

11       Pursuant to § 1983, Plaintiff must demonstrate that each named defendant
12 personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930,
13 934 (9th Cir. 2002).  The Supreme Court has emphasized that the term "supervisory
14 liability," loosely and commonly used by both courts and litigants alike, is a misnomer.
15 Iqbal, 129 S. Ct. at 1949.  "Government officials may not be held liable for the
16 unconstitutional conduct of their subordinates under a theory of respondeat superior." Id.
17 at 1948.  Rather, each government official, regardless of his or her title, is only liable for
18 his or her own misconduct, and therefore, Plaintiff must demonstrate that each defendant,
19 through his or her own individual actions, violated Plaintiff's constitutional rights. Id. at
20 1948–49.

21       Plaintiff has not alleged facts demonstrating that Defendant Harrington personally
22 acted to violate his rights.  Plaintiff will be given the opportunity to file an amended
23 complaint curing this deficiency and alleging what, if anything, Defendant Harrington did
24 or failed to do to violate Plaintiff's rights.

25       **C.    <u>First Amendment</u>**

26            1.   <u>Retaliation</u>

27       "Within the prison context, a viable claim of First Amendment retaliation entails five
28 basic elements: (1) An assertion that a state actor took some adverse action against an

-4-

1  inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled
2  the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably
3  advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th
4  Cir. 2005).

5        Plaintiff has alleged Defendants Orozco, Henderson, Haas, Oseguera, Garcia,
6  Wood, Biter, and Grissom either directly took away his property, worked with others to take
7  away his property, or prevented Plaintiff's property from being returned to him. These
8  constitute adverse actions. Plaintiff has satisfied the first prong of a retaliation claim.

9        The second element of a prisoner retaliation claim focuses on causation and motive.
10 See Brodheim v. Cry, 584 F.3d 1262, 1271 (9th Cir. 2009). A plaintiff must show that his
11 protected conduct was a "'substantial' or 'motivating' factor behind the defendant's
12 conduct." Id. (quoting Sorrano's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir.
13 1989). Although it can be difficult to establish the motive or intent of the defendant, a
14 plaintiff may rely on circumstantial evidence. Bruce v. Ylst, 351 F.3d 1283, 1289 (9th Cir.
15 2003) (finding that a prisoner established a triable issue of fact regarding prison officials'
16 retaliatory motives by raising issues of suspect timing, evidence, and statements); Hines
17 v. Gomez, 108 F.3d 265, 267-68 (9th Cir. 1997); Pratt v. Rowland, 65 F.3d 802, 808 (9th
18 Cir. 1995) ("timing can properly be considered as circumstantial evidence of retaliatory
19 intent"). Although Plaintiff filed grievances and a civil action, his pleading reflects that the
20 actions taken against him which he considers adverse resulted from his refusal to accept
21 a cell-mate, not from his attempt to exercise First Amendment rights. Plaintiff has failed
22 to satisfy this prerequisite to a retaliation claim.

23       With respect to the third prong, filing a grievance is protected action under the First
24 Amendment. Valandingham v. Bojorquez, 866 F.2d 1135, 1138 (9th Cir. 1989). Pursuing
25 a civil rights legal action is also protected under the First Amendment. Rizzo v. Dawson,
26 778 F.2d 527, 532 (9th Cir. 1985). Plaintiff has satisfied this prong because he alleges he
27 engaged in protected First Amendment activities.

28       With respect to the fourth criteria, "[it] would be unjust to allow a defendant to

1   escape liability for a First Amendment violation merely because an unusually determined
2   plaintiff persists in his protected activity...."  Mendocino Envtl. Ctr. v. Mendocino County,
3   192 F.3d 1283, 1300 (9th Cir. 1999).  The correct inquiry is to determine whether an
4   official's acts would chill or silence a person of ordinary firmness from future First
5   Amendment activities.  Rhodes, 408 F.3d at 568-69 (citing Mendocino Envtl. Ctr., 192 F.3d
6   at 1300).  Plaintiff has satisfied this prong because removing an inmates' property would
7   chill an ordinary person from engaging in First Amendment activities.

8        With respect to the fifth prong, a prisoner must affirmatively allege that "'the prison
9   authorities' retaliatory action did not advance legitimate goals of the correctional institution
10  or was not tailored narrowly enough to achieve such goals."  Rizzo, 778 F.2d at 532.
11  Plaintiff's allegations are that Defendants' actions were prompted by Plaintiff's refusal to
12  accept a cell-mate, a seemingly valid penological reason for taking action against him and
13  removing items from his cell.  Plaintiff will be given leave to amend to explain if and why
14  he believes the response did not have a valid penological goal. He also must include
15  additional details regarding the alleged retaliation and explain how all five required prongs
16  could be satisfied.

17              2.    Access to the Courts

18        While Plaintiff, has a constitutional right to access the courts, the interferences
19  complained of by Plaintiff must have caused him to sustain an actual injury.  Christopher
20  v. Harbury, 536 U.S. 403, 415 (2002); Lewis v. Casey, 518 U.S. 343, 351 (1996); Hebbe
21  v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010); Phillips v. Hust , 588 F.3d 652, 655 (9th Cir.
22  2009); Jones v. Blanas, 393 F.3d 918, 936 (9th Cir. 2004).   The absence of an injury
23  precludes an access claim.  Harbury, 536 U.S. at 415-16; Jones, 393 F.3d at 936.

24        At this junction, Plaintiff has not suffered any such injury.  The action he claims was
25  interfered with, Pollard v. Harrington, 1:09-cv-01232-LJO-MJS, is still proceeding in this
26  Court.  Plaintiff has not lost the opportunity to file an amended pleading and try to state
27  a cognizable claim.  Plaintiff has failed to allege a First Amendment access to the courts
28  claim.

1

**D.    Fourth Amendment**

2

Plaintiff alleges a Fourth Amendment violation based on the removal of legal

3

materials, books, law books, paralegal books, and paperwork from his cell.

4

The Fourth Amendment "protects two types of expectations, one involving

5

'searches,' the other 'seizures.'" U.S. v. Jacobsen, 466 U.S. 109, 113-114 (1984).  Under

6

the Fourth Amendment a seizure of property "occurs when there is some meaningful

7

interference with an individual's possessory interest in that property."  Id. at 113.  The

8

United States Supreme Court has held, however, that "the Fourth Amendment has no

9

applicability to a prison cell."  Hudson v. Palmer, 468 U.S. 517, 536.  "An inmate has no

10

"reasonable expectation of privacy in his prison cell entitling him to the protection of the

11

Fourth Amendment against unreasonable searches and seizures."  Id.  The Court noted,

12

"[p]rison officials must be free to seize from cells any articles which, in their view, disserve

13

legitimate institutional interests."  Id. at 528 n. 8.

14

Since Plaintiff, as a prisoner, had no reasonable expectation of privacy in his cell,

15

there was no Fourth Amendment protection for him  in his prison cell.  Plaintiff has not

16

stated and cannot state a claim for unreasonable search and seizure of property from his

17

cell.  Plaintiff's Fourth Amendment claim is dismissed without leave to amend.

18

That does not leave him without a remedy if property legitimately in his cell was

19

taken unlawfully.  He can seek recovery of such property via a due process claim as

20

discussed below.

21

**E.    Fifth Amendment**

22

"[T]he Fifth Amendment's due process clause applies only to the federal

23

government."  Bingue v. Prunchak, 512 F.3d 1169, 1174 (9th Cir. 2008).  Because none

24

of the named Defendants are federal actors, Plaintiff has failed to state a claim for violation

25

of the Fifth Amendment.

26

**F.    Fourteenth Amendment**

27

1.    Deprivation of Property

28

Plaintiff appears to allege that he suffered from an unauthorized deprivation of his

-7-

1    property under the due process clause when legal materals, books, law books, paralegal
2    books, and paper work were removed from his cell.

3        The Due Process Clause protects prisoners from being deprived of property without
4    due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). Prisoners have a
5    protected interest in their personal property. Hansen v. May, 502 F.2d 728, 730 (9th Cir.
6    1974).

7        An authorized, intentional deprivation of property is actionable under the Due
8    Process Clause.  Hudson v. Palmer, 468 U.S. 517, 532, n.13 (1984) (citing Logan v.
9    Zimmerman Brush Co., 455 U.S. 422 (1982)); Quick v. Jones, 754 F.2d 1521, 1524 (9th
10   Cir. 1985).[2]  Authorized deprivations of property are permissible if carried out pursuant to
11   a regulation that is reasonably related to a legitimate penological interest. Turner v. Safley,
12   482 U.S. 78, 89 (1987).

13       For an unauthorized deprivation of property, Plaintiff would have to allege that he
14   lacks a meaningful state tort remedy for any unauthorized property deprivation (i.e., a
15   deprivation not authorized by properly adopted regulations, procedures and policies).
16   Plaintiff should note that for unauthorized deprivations of property, he does have an
17   adequate post-deprivation remedy under California law and therefore, any attempt to
18   pursue a claim under federal law for unauthorized taking of his property fails as a matter
19   of law.  Barnett v. Centoni, 31 F.3d 813, 816–17 (9th Cir. 1994) (citing Cal. Gov't Code §§
20   810– 895).

21       Plaintiff will be given leave to amend this claim.  In his amended complaint, he
22   should explain whether he is alleging an authorized or unauthorized deprivation of property.
23   If he is alleging an unauthorized deprivation of property, then he should explain whether
24   he has satisfied the requirements for bringing such a claim under California law.

25           2.    Grievance Process

26

27       [2] An authorized deprivation is one carried out pursuant to established state procedures,
     regulations, or statutes.  Logan, 455 U.S. at 436; Piatt v. McDougall, 773 F.2d 1032, 1036 (9th Cir. 1985);
28   see also Knudson v. City of Ellensburg, 832 F.2d 1142, 1149 (9th Cir. 1987).

It is unclear if Plaintiff also wishes to allege a claim under the Fourteenth Amendment for inadequate processing of his grievances.  If Plaintiff does wish to allege such a claim, the standard is set forth below.

The Due Process Clause protects prisoners from being deprived of liberty without due process of law.  Wolff v. McDonnell, 418 U.S. 539, 556 (1974).  In order to state a cause of action for deprivation of due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought.  Liberty interests may arise from the Due Process Clause itself or from state law.  Hewitt v. Helms, 459 U.S. 460, 466-68 (1983).  Liberty interests created by state law are generally limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  Sandin v. Conner, 515 U.S. 472, 484 (1995).

In Mann v. Adams, 855 F.2d 639 (9th Cir. 1988), the Ninth Circuit held that a prisoner does not have a claim of entitlement to a grievance procedure. 855 F.2d at 640. This was reiterated in Ramirez v. Galarza, 334 F.3d 850 (9th Cir. 2003), when the Ninth Circuit observed that inmates do not have a separate constitutional entitlement to a grievance procedure.  Thus, the case law is clear that Plaintiff is not entitled, as a matter of federal law, to a particular grievance procedure.

### G.   Injunctive Relief

Plaintiff seeks injunctive relief and asks the Court to stop Defendants' retaliatory actions.

Injunctive relief is an "extraordinary remedy, never awarded as of right."  Winter v. Natural Res. Defense Council, 555 U.S. 7, 24 (2008).  "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  Id. (citing Munaf v. Geren, 553 U.S. 674, 689–90 (2008)).

In cases brought by prisoners involving conditions of confinement, the Prison Litigation Reform Act (PLRA) requires that any preliminary injunction "be narrowly drawn,

1  extend no further than necessary to correct the harm the court finds requires preliminary
2  relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. §
3  3626(a).

4       Plaintiff has not demonstrated that he will succeed on the merits of his case.  His
5  Complaint fails to state any cognizable claim.

6       Nothing in the Complaint suggests real and immediate threat of injury.  See City of
7  Los Angeles v. Lyons, 461 U.S. 95, 101–102 (1983) (plaintiff must show "real and
8  immediate" threat of injury, and "past exposure to illegal conduct does not in itself show a
9  present case or controversy regarding injunctive relief . . . if unaccompanied by any
10 continuing, present, adverse effects.").  Here Plaintiff's concerns for his safety are vague
11 and unclear.

12      Plaintiff does not address the third or fourth elements, i.e., the balancing of equities
13 and public interest concerns.  First, absent a showing sufficient to find harm to Plaintiff,
14 there is nothing to tip the balance of equities in Plaintiff's favor.  Second, while the public
15 has an interest in providing the best practical prisoner care, the record before the Court
16 does not justify the Court substituting its judgment in these matters for that of the prison
17 medical staff.

18      The various criteria not having been met, Plaintiff is not entitled to injunctive relief.
19 The Court will allow leave to amend. If Plaintiff chooses to amend, he must set forth
20 sufficient facts showing the above noted elements.

21 **IV.    CONCLUSION AND ORDER**

22      Plaintiff's Complaint fails to state a claim upon which relief may be granted under
23 § 1983.  The Court will provide Plaintiff with the opportunity to amend to cure the
24 deficiencies in his claim.  Lopez, 203 F.3d at 1130; Noll v. Carlson, 809 F.2d 1446, 1448-
25 49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated
26 claims in his amended complaint.  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no
27 "buckshot" complaints).

28      Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state

what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, S. Ct. at 1948-49.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the prior complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.

Accordingly, it is HEREBY ORDERED that:

1.    The Clerk's Office shall send Plaintiff a complaint form;

2.    Plaintiff's Complaint, filed June 27, 2011, is dismissed for failure to state a claim upon which relief may be granted under § 1983;

3.    Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and

4.    If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.


IT IS SO ORDERED.

Dated:    August 29, 2012           /s/ Michael J. Seng
                                  UNITED STATES MAGISTRATE JUDGE

-11-